**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

**CIVIL ACTION NO. 07-30-DLB**

RHONDA S. MELTON                                                                                        PLAINTIFF

vs.                              **MEMORANDUM OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                                          DEFENDANT

* * * * * * * * * * * * *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Rhonda S. Melton protectively filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on January 27, 2003. (Tr. 51, 52-54, 384-86). Plaintiff alleges she became unable to work on December 31, 2002. (Tr. 51, 52, 384). She alleges disability due to bulging discs, back pain radiating into her hips and legs with some numbness, carpal tunnel syndrome, thyroid disease, high blood pressure, chest pain, abdominal problems, being a slow learner, anxiety, depression, and nerves. (Tr. 66, 75, 501, 510, 514, 668-69). Her applications were denied initially and upon reconsideration. (Tr. 34-37, 40-42, 388-91, 393-95). At Plaintiff's request, an administrative hearing was conducted on September 8, 2004, by Administrative Law Judge

1

(ALJ) Charles J. Arnold. (Tr. 396-415). On January 28, 2005, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB or SSI payments. (Tr. 17-21). This decision became the final decision of the Commissioner when the Appeals Council denied review on April 24, 2005. (Tr. 9-11).

In accordance with a December 14, 2005, sentence four remand order by the United States District Court for the Eastern District of Kentucky, the Appeals Council remanded this case to the ALJ on January 6, 2006, for further proceedings. (Tr. 418-20). In the interim, Plaintiff had filed another application for SSI on March 28, 2005, alleging disability commencing November 15, 2004. This claim was denied initially and upon reconsideration. (Tr. 462-65, 467-69). The ALJ consolidated the 2003 and 2005 applications at the hearing level. A supplemental video hearing for both claims was held on June 27, 2006. (Tr. 663-78). On September 28, 2006, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to payments. (Tr. 429-35). On January 26, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 422-24).

On March 9, 2007, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication. (Doc. # 9, 10).

## II.     DISCUSSION

### A.     Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 432). At Step 2, the ALJ found Plaintiff's morbid obesity, bilateral carpal tunnel syndrome, muscle spasms, hypothyroidism, and degenerative disc disease/back pain to be severe within the meaning of the regulations. (Tr. 432). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 432). At Step 4, the ALJ found that Plaintiff retains the

residual functional capacity (RFC) to perform the full range of light exertional work. (Tr. 433). Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was able to perform her past relevant work as a fast food front counter worker and cashier. (Tr. 434). Based on his finding at Step 4, the ALJ did not have to address Step 5. Furthermore, because the evidence established that Plaintiff was not precluded from performing her past relevant work, the ALJ determined that Plaintiff was not disabled under the Social Security Act. (Tr. 434-35).

**C.     Analysis**

Plaintiff raises two challenges in her appeal. First, Plaintiff claims that the ALJ erred in evaluating the claimant's testimony regarding her pain symptoms and limitations. (Doc. #9-2 at 4-5). Specifically, Plaintiff argues that the ALJ failed to provide specific rationale for rejecting claimant's testimony and determining that Plaintiff's allegations were not credible. Plaintiff also argues that the ALJ erred in failing to adequately discuss the relevance of the claimant's treating physician. (Doc. #9-2 at 5-6).

**1.     Claimant's Testimony**

After considering the evidence of record, the ALJ determined that "claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. 433). However, the ALJ went on to find that "her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 433). Plaintiff argues that the ALJ erred by merely summarizing the claimant's testimony, neglecting to provide "specific reasons" for the credibility determination in

violation of Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). In pertinent part, SSR 96-7p provides:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.

*Id.* at *2.

While the ALJ could have been more clear in presenting the rationale for his credibility finding, his decision contains adequate explanation as to why he rejected claimant's testimony. The ALJ referenced a number of inconsistencies between the objective medical evidence and Plaintiff's allegations of pain. For example, the ALJ noted that, while claimant alleges the presence of sharp burning pain in her lower back that "comes and goes," radiates into her legs and is worsened by rainy weather, lifting, carrying, and prolonged standing and walking, Plaintiff was no longer taking medication for muscle spasms or inflammation by May 2006. (Tr. 71, 433, 542). The ALJ also cited August 2003 medical notes which suggest physical therapy had helped claimant significantly. (Tr. 189, 433). A June 2005 consultative examination revealed that Plaintiff did not need an assistive device for ambulation. (Tr. 434, 596). Additionally, Plaintiff had no limitation in motion of the upper or lower extremities, and there was no evidence of motor dysfunction, sensory loss, or reflex abnormalities. (Tr. 434, 596). The ALJ referenced a 2005 report in which claimant was deemed to have no limitations on her ability to perform basic work-related activities. (Tr. 434, 596-97). The ALJ also commented on Plaintiff's activities of daily living, noting that, in May 2006, she continued to mow the grass, cook, wash dishes, mop and vacuum the floor, shop for groceries, drive a care, and take care of her children.

(Tr. 434, 537-39). These activities are clearly inconsistent with claimant's allegations of disabling pain.

SSR 96-7p states that consistency is a strong indication of the credibility of an individual's statements. *Id.* at *5-6. An ALJ must consider the degree to which the individual's statements are consistent with the objective medical evidence and the consistency of the individual's own statements. *Id.* In this case, medical findings undermine claimant's allegations of pain. Similarly, claimant's activities of daily living support the ALJ's determination that claimant is not disabled. While the ALJ did not explicitly address all of the factors relevant to the pain determination, inconsistencies highlighted by the ALJ support his credibility determination.

### 2. Treating Physician

Plaintiff states that the "evidence clearly establishes that the physicians at Mary Breckinridge Hospital are the Claimant's treating physicians." (Doc. #9-2 at 6). During her course of treatment at Mary Breckinridge, Plaintiff was treated for a variety of ailments, including degenerative changes and mild disc bulge, muscle spasm, morbid obesity, early osteoarthritis in the left knee, bilateral carpal tunnel syndrome, hypothyroidism, dermatitis, and anxiety. (Tr. 94-115, 323-83). However, a diagnosis does not amount to a determination of disability. *Foster v. Bowen*, 853 F.2d 483, 488-89 (6th Cir. 1988). Rather, in order to qualify for the receipt of benefits, a claimant must show that he or she is *disabled* by the diagnosed ailment. *Id.*

The Mary Breckinridge records do not include a determination by a treating physician that Plaintiff is disabled due to any of her diagnosed ailments. More significantly,

they do not assess any restrictions or limitations on Plaintiff's physical activities or ability to work. Rather, they reveal, if anything, that no restrictions were placed on Plaintiff.

A February 7, 2002, outpatient progress note does indicate that Plaintiff hurt her back after bending forward. (Tr. 104). Plaintiff was advised to avoid physical exertion, heavy pushing, and pulling, and to follow up at the clinic in five days. (Tr. 104). A March 22, 2002, outpatient progress note states that, although Plaintiff has low back pain, "[s]he is doing well." (Tr. 103).[1] No restrictions were placed on Plaintiff's physical activities. (Tr. 103). Put simply, the record is devoid of any references to limitations being placed on Plaintiff by her treating physicians.

Tellingly, Plaintiff's motion for summary judgment does not cite to any portion of the record in which claimant's treating physician concludes that she is disabled. Since Plaintiff's treating physicians did not advise her of a need to restrict her activities, the Court finds that "it was not erroneous for the ALJ to determine that [claimant] did not have a combination of impairments that would lead to a determination of disability for social security purposes." *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987). The Sixth Circuit has held that "when an individual's examining physician does not advise him of a need to restrict activities in light of his impairments, the ALJ is not erroneous in determining that a claimant does not have impairments that would lead to a finding of disability." *Russell v. Secretary of Health and Human Servs.*, 921 F.2d 277, 1990 WL 209576, at *3 (6th Cir. 1990) (table decision) (citing *Nunn*, 828 F.2d at 1145). Furthermore, Plaintiff's treating

---

[1] The ALJ specifically referenced a December 2002 treatment note in which Roy Varghese, M.D., a doctor associated with Mary Breckinridge Hospital by way of Hyden Rural Health clinic, stated that claimant "is doing well." (Tr. 98, 433).

physicians did not opine that her condition would prevent her from engaging in past employment. *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 712 (6th Cir. 1988).

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 3rd day of March, 2008.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-07-30-MeltonMOO.wpd

8